IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHALMUS CURTIS WILLIAMS,

                    Plaintiff

VS.

MAJOR HOLT, *et al.*,

                      Defendants

NO. 5:06-CV-334 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Plaintiff CHALMUS CURTIS WILLIAMS herein has filed a letter-motion in which he requests an "indigent attorney" and subpœnas for various witnesses. Tab #22. The defendants have responded to the plaintiff's motion. Tab #24. On March 19, 2007, the plaintiff sent a letter to the Clerk of Court in which he asked the Clerk to provide him with an attorney. Tab #25.

### REQUEST FOR ATTORNEY

Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on</u> <u>its</u> <u>own</u> <u>motion</u> will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's MOTIONS FOR APPOINTMENT OF LEGAL COUNSEL (Tabs #22 and #25) are **DENIED** at this time.

### REQUEST FOR SUBPŒNAS

Plaintiff WILLIAM's request for subpœnas is inappropriate at this time, and it is DENIED. If and when this matter goes to trial, plaintiff will be permitted to subpœnas witnesses in accordance with the Federal Rules of Civil Procedure.

### MOTION FOR TRIAL

The plaintiff's letter-motion also requests that the Clerk of Court set this matter for trial as soon as possible. Tab #22. This motion is DENIED. This case will be set down for trial, if a trial is necessary, only after completion of discovery and after consideration of pretrial motions.

### MOTION TO AMEND

Plaintiff WILLIAMS has also filed a letter-motion to amend his complaint to add an additional defendant, DEPUTY FOGERTY. Tab #15. His motion was submitted prior to the filing of responsive pleadings. Accordingly, PURSUANT TO Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff's motion is GRANTED, and the Clerk is directed to serve defendant DEPUTY FOGERTY with copies of plaintiff's complaint as supplemented and amended.

SO ORDERED this 20th day of March, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE